UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TRUIST BANK,**

 *Plaintiff*,

v.                Case No. 5:24-CV-00975-JKP

**LISA POSEY, ELIZABETH
GAVLICK, TAMMY LEE,**

 *Defendants*.

## MEMORANDUM OPINION AND ORDER

 Before the Court is Plaintiff Truist Bank's Motion for Entry of Default Judgment against Defendant Tammy Lee and for Leave to Interplead Funds. *ECF No. 21*. Because default judgment is appropriate in this case and Defendants Lisa Posey and Elizabeth Gavlick are entitled to the interplead funds, the Motion is GRANTED.

## BACKGROUND

 Defendants Lisa Posey ("Posey") and Elizabeth Gavlick ("Gavlick") opened and maintained a joint checking account at Wells Fargo Bank. *ECF No. 1 at 2*. In August 2022, Posey and Gavlick issued a check ("Check 2721") from their joint account made payable to Defendant Tammy Lee ("Lee") for $330,000, which Posey signed and believed to have been delivered for investment purposes. *Id*. Lee deposited Check 2721 into her Truist Bank checking account. *Id*. On June 17, 2024, Posey and Gavlick made an adverse claim against Truist Bank for $330,000, seeking to reclaim the funds represented by Check 2721. *Id. at 2–3*. Posey and Gavlick claim they issued Check 2721 to Lee under false pretenses amounting to fraud. *Id. at 2–3*.

On June 17, 2024, Plaintiff Truist Bank ("Truist") initiated an administrative hold on Lee's checking account. *Id. at 4*. At that time and through the filing of this interpleader, the account had $329,000 on deposit (the "Disputed Funds"). *Id. at 4*. Posey and Gavlick assert Lee has no legal interest or right to the Disputed Funds and no present right to use them. *Id. at 4*. As a result, Truist believes Lee has a rival claim to the Disputed Funds. *Id. at 4*.

Truist brought this interpleader action because Truist feared multiple liabilities from the adverse claims to the Disputed Funds. *Id. at 4*. For example, Posey and Gavlick's demands for the Disputed Funds conflict with Lee's putative rights under applicable law and any rights under the deposit account agreement. *Id. at 4*. Other than the right to recoup attorney's fees and expenses, Truist does not assert rights to the Disputed Funds. *Id. at 4*.

Truist filed this interpleader action on August 29, 2024. *ECF No. 1*. Shortly after that, Truist requested the issuance of summons to Posey, Gavlick, and Lee. *ECF No. 3*. On September 6, 2024, Posey and Gavlick were personally served with the summons. *ECF Nos. 10, 11*. Lee was personally served on September 16, 2024. *ECF No. 9*. On September 25, 2024, Gavlick and Posey filed their Answer and asserted a crossclaim against Lee. *ECF No. 7*. Lee never filed a responsive pleading or communicated she intends to defend herself in this action. Truist filed a request for the Clerk's Entry of Default against Lee on October 18, 2024, due to Lee's failure to respond. *ECF No. 12*. On October 21, 2024, the Clerk entered its Entry of Default against Lee. *ECF No. 13*. Truist now moves the Court for entry of default judgment against Lee and for permission to interplead the Disputed Funds.

On February 25, 2025, the Court issued a Show Cause Order providing Lee a final opportunity to file an Answer and to show cause why default judgment should not be entered against her. *ECF No. 22*. To date, Lee did not file a Response.

**LEGAL STANDARDS AND ANALYSIS**

**I.    The Court Grants Truist's Request for Entry of Default Judgment against Lee**

When only one of the claimants named in an interpleader action has answered, the court need not consider the merits of which party is entitled to the funds. *Benjamin Moore & Co. v. Menendez*, No. 3:18-CV-02288, 2019 WL 3413420 at *1 (N.D. Tex. July 29, 2019) (citing *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 & n.6 (2d Cir. 1983) (default of two of three interpleader defendants obviated need for judicial determination of answering defendant's entitlement to funds)); *e.g., USAA Fed. Sav. Bank v. Lavean et al.*, No. 15-CV-00194 (W.D. Tex. Oct. 1, 2015) (*ECF No. 11 at 4–5*). Therefore, if default judgment against Lee is warranted, then disbursement of the interplead funds to Posey and Gavlick is proper.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

Generally, the entry of default judgment is committed to the district court's discretion. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Among the factors a district court may consider when deciding whether to grant a default judgment are:

> (1) whether default was caused by a good faith mistake or excusable neglect; (2) whether there has been substantial prejudice; (3) the harshness of a default judgment; (4) whether there are material issues of fact; (5) whether the grounds for default are clearly established; and (6) whether the Court would be obligated to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Furthermore, a default judgment cannot be imposed against a defendant who is a minor, incompetent, or in active military service. 50 U.S.C. § 3931; Fed. R. Civ. P. 55(b)(2).

Applying the *Lindsey* factors to this case, the Court finds no reason a default judgment should be avoided. First, Lee has not appeared, let alone filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893. Second, Lee's "failure to respond threatens to bring the adversary process to halt, effectively prejudicing [Truist's] interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default have been clearly established by Lee's failure to respond to Truist's Complaint for Interpleader and the Entry of Default by the Clerk. *ECF Nos. 1, 13*. Fourth, there is no evidence before the Court to indicate Lee's complete nonresponsiveness is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, the harshness of default judgment is mitigated by the fact Lee forfeited any claim of entitlement she may have to the interplead funds. *See Metro. Life Ins. Co. v. Theriot,* 2010 WL 4644057, at *3 (W.D. La. Nov. 8, 2010) (citing *Shuqualak Lumber Co., Inc. v. Hardin*, 2009 WL 2767676, at *2 (N.D. Miss. Aug. 27, 2009) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.")) And sixth, the Court is not aware of any facts that would give reason to set aside the default if challenged by Lee. Furthermore, Lee is not a minor, incompetent, nor in active military service. Accordingly, the Court concludes default judgment is appropriate. As a result, Posey and Gavlick are entitled to the interplead funds.

## II. The Court Grants Truist's Request for Discharge From Liability and to Interplead the Disputed Funds

4

A party may interplead funds into the registry of the court when two requirements are met: (1) there is a single fund; and (2) two or more adverse claimants claim or may claim rights to the funds. Fed. R. Civ. P. 22; *Wells Fargo Bank, N.A. v. Lane Group, LLC*, No. 3:18-CV-01749, 2019 WL 1099992 at *2 (N.D. Tex. Feb. 13, 2019), *R. & R. adopted*, No. 3:18-CV-01749, 2019 WL 1099547 (N.D. Tex. Mar. 8, 2019). The court may discharge the stakeholder from further liability if the stakeholder is disinterested in the funds. *Tittle v. Enron Corp.*, 463 F.3d 410, 424 (5th Cir. 2006). A disinterested stakeholder thus remains neutral as to the allocation of funds and leaves litigation up to the claimants to decide. *Id*.

Here, Truist meets the requirements to interplead the Disputed Funds and deposit them into the Court's registry. First, the Disputed Funds are a single fund in the total amount of $329,000. There are no other funds in dispute. Second, as already described above, there are two or more adverse claimants to the Disputed Funds. Specifically, Posey and Gavlick assert Lee has no legal interest or right to the Disputed Funds and no present right to use them. Truist has no claims to the Disputed Funds or interest in the outcome of the dispute between Gavlick, Posey, and Lee. *See Wells Fargo Bank*, N.A., 2019 WL 1099992, at *3 (finding a bank a disinterested stakeholder that filed an interpleader action after perceiving fraudulent activity related to a checking account). Accordingly, allowing Truist to interplead the Disputed Funds into the Court's registry and discharging Truist from liability is appropriate.

### III. The Court Grants Truist's Request for a Permanent Injunction against Defendants Pursuant to 28 U.S.C. § 2361

A district court may "issue a permanent injunction in an interpleader action when it discharges a plaintiff from further liability." *Auto Parts Mfg. Miss, Inc. v. King Const. of Hous., L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015) (cleaned up). Specifically, 28 U.S.C. § 2361 authorizes the Court to restrain all claimants "from instituting or prosecuting any proceeding . . . affecting

the property . . . involved in the interpleader action until further order of the court." *Gray Cas. & Sur. Co. v. Gold Standard Moving & Storage LLC*, 652 F. Supp.3d 734, 737 (N.D. Tex. 2023).

Here, because a default is warranted and disbursement of the Deposited Funds is proper, Truist has satisfied the requirements for interpleader. Accordingly, issuing a permanent injunction enjoining the Defendants from instituting or prosecuting any action or proceeding in any court relating to the claims at issue in this interpleader action, including the Disputed Funds and the Deposit Account, is appropriate.

## IV.  The Court Grants Truist's Request for Attorney's Fees and Costs

It is well settled that the court has discretion to award costs, including reasonable attorney's fees, to a disinterested stakeholder in an interpleader action whenever it is fair and equitable to do so. *Wells Fargo Bank, N.A. v. Lane Group, LLC*, No. 3:18-CV-01749, 2019 WL 1099992, at *2 (N.D. Tex. February 19, 2019) (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). In determining whether an award of attorney's fees is appropriate, the court should examine "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *Id.* (quoting *Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009) (per curiam) (citation omitted)).

Truist's request for attorney's fees is supported by the Declaration of Kenneth Johnston ("Johnston"). *ECF No. 40-1*. Johnston states the attorneys engaged in the necessary work for an interpleader action including reviewing all relevant bank documents, analyzing legal authority,

6

drafting and filing the interpleader complaint, defaulting Lee, preparing and attending the initial pretrial conference, and preparing a Joint Discovery and Case Management Plan. *Id. at 2*.

The Court finds Truist is a disinterested stakeholder with no claims to the Disputed Funds or interest in the outcome of the dispute between Posey, Gavlick, and Lee; this is a simple case; Truist's counsel did not perform any unique services for the claimants or the Court; and Truist's counsel acted in good faith with diligence, performed services that benefitted Truist, and did not improperly protract the proceedings. The Court also finds the amount of $16,266.25, which represents 49.0 hours of attorney work, is reasonable. The Court further finds Truist's is entitled to $1,153.00 in costs. Accordingly, it is appropriate for Truist to be allowed to deduct $17,419.25 from the Disputed Funds before depositing those Disputed Funds with the Clerk of the Court.

In sum, the Court concludes Truist is allowed to deposit $311,580.75 ($329,000 - $17,419.25) into the Registry of the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff Truist Bank's Motion for Entry of Default Judgment against Defendant Tammy Lee and for Leave to Interplead Funds is **GRANTED**. *ECF No. 21*. Defendants Lisa Posey and Elizabeth Gavlick's Motion to Sign Plaintiff's Motion for Default is therefore **DENIED AS MOOT**. *ECF No. 25*.

It is therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Truist Bank shall promptly pay the Disputed Funds, less the amount of the Attorney's Fees, into the Registry of the Court in the amount of $311,580.75.

2. Upon payment of the Disputed Funds into the Registry of the Court, Truist Bank is hereby **DISCHARGED** from all liability arising out of the claims at issue in this interpleader action, including claims relating to the Disputed Funds and Deposit Account.

3. Pursuant to 28 U.S.C. § 2361, Defendants Elizabeth Gavlik, Lisa Posey, and Tammy Lee are hereby **ENJOINED** from instituting or prosecuting any ac-

tion or proceeding in any court relating to the claims at issue in this interpleader action, including the Disputed Funds and the Deposit Account, as defined in the motion.

4. Truist Bank is awarded its reasonable attorney's fees and expenses, in the amount of $17,419.25 to be paid out of the Disputed Funds.

5. Defendants Gavlick and Posey are **DIRECTED** to submit a motion and proposed order addressing disbursement, including any relevant legal authority and mailing addresses for disbursement, of the remaining Disputed Funds within 14 days of this order.

**The Clerk of Court is DIRECTED to mail, via certified mail with return receipt requested, a copy of this Order to:**

1) Tammy Lee, 1050 Ponce de Leon Ave., Apt. 509, Atlanta, Georgia 30306

It is so ORDERED.
SIGNED this 19th day of May, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE